UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-cv-23041-JLK

MONICA BORGESE, )
)
       Plaintiff, )
)
v. )
)
150 SOUTH BEACH, LLC d/b/a DEVITO )
SOUTH BEACH, )
)
       Defendant. )
)

**DEFENDANT'S ANSWER AND STATEMENT
OF DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, 150 South Beach, LLC d/b/a DeVito South Beach ("Defendant"), by and through its undersigned counsel, hereby files its Answer and Statement of Defenses to Plaintiff's Complaint.

1. Defendant admits that Plaintiff purports to bring this action pursuant to the statutory bases set forth in Paragraph 1 of the Complaint, except denies that any violation of the statute has occurred.

**A. INTRODUCTION TO "TIP CREDIT" VIOLATIONS**

2. Defendant admits that Plaintiff was employed as a server from 2007 through July 2010. The remainder of the allegations set forth in Paragraph 2 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits it employed Plaintiff.

3. Defendant denies the allegations set forth in Paragraph 3 of the Complaint, including subparts a through h, except admits that Plaintiff was paid a reduced hourly rate as a

tipped employee as provided for in the Fair Labor Standards Act ("FLSA"), and that servers were required to share their tips with other employees. Defendant also admits that server wages were reduced for breakages between approximately February 2009 and May 2009, and servers were required to purchase uniforms, except denies that such deductions or purchases brought server wages below minimum wage.

## B. THE EMPLOYER

4. Defendant admits that DeVito South Beach restaurant is located and conducts business in Miami-Dade County, Florida. The remainder of the allegations set forth in Paragraph 4 of the Complaint call for a legal conclusion to which no response is required.

5. The allegations set forth in Paragraph 5 of the Complaint call for a legal conclusion to which no response is required.

## C. VENUE & JURISDICTION

6. Defendant admits that Plaintiff and unidentified servers purport to allege violations pursuant to the statutory bases set forth in Paragraph 6 of the Complaint, except denies that any violation of the FLSA has occurred.

7. The allegations set forth in Paragraph 7 of the Complaint call for a legal conclusion to which no response is required.

8. The allegations set forth in Paragraph 8 of the Complaint call for a legal conclusion to which no response is required.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and therefore denies same.

Case No. 10-cv-23041-JLK

**COUNT I**
**RECOVERY OF MINIMUM WAGE VIOLATIONS**
**AGAINST THE EMPLOYER FOR ITS SERVERS**

10. Defendant repeats and reavers the statements and denials set forth above in Paragraphs 1 through 9 as though set forth fully herein.

11. Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Defendant denies any violation of the FLSA occurred.

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

Defendant denies that Plaintiff and the unidentified servers are entitled to any of the relief sought in the unnumbered WHEREFORE Clause immediately following Paragraph 16 of the Complaint.

Case No. 10-cv-23041-JLK

## COUNT II
## RECOVERY OF OVERTIME VIOLATIONS
## AGAINST THE EMPLOYER FOR ITS SERVERS

17. Defendant repeats and reavers the statements and denials set forth above in Paragraphs 1 through 9 as though set forth fully herein.

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

Defendant denies that Plaintiff and the unidentified servers are entitled to any of the relief sought in the unnumbered WHEREFORE Clause immediately following Paragraph 21 of the Complaint.

## JURY DEMAND

Defendant admits that Plaintiff has demanded a jury trial for Counts I and II, but denies that there are any issues to be tried by a jury.

## STATEMENT OF DEFENSES

As separate and distinct defenses to the Complaint, Defendant alleges the following:

**FIRST DEFENSE**

22. The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

**SECOND DEFENSE**

23. Any amounts due to Plaintiff should be set off by payments received by her from Defendant.

**THIRD DEFENSE**

24. Plaintiff's claims are barred based upon the fact that Plaintiff received all compensation to which she is entitled.

**FOURTH DEFENSE**

25. Plaintiff's claims, in whole or in part, are barred by the applicable statute(s) of limitations.

**FIFTH DEFENSE**

26. Even if the allegations contained in Plaintiff's Complaint are true (which they are not), to the extent that the time for which Plaintiff alleges that she had not been compensated involve only insubstantial or insignificant periods of time, these periods of time are "*de minimis*" and are not compensable under the FLSA pursuant to 29 C.F.R. § 785.47.

**SIXTH DEFENSE**

27. Plaintiff's claims are barred to the extent that Plaintiff cannot establish that any acts or omissions of Defendant were willful and/or intentional under the FLSA.

**SEVENTH DEFENSE**

28. Plaintiff's claims are barred to the extent that Defendant's actions were taken in good faith, in conformity with, and reliance upon established rulings, administrative regulations and interpretations of the FLSA within the meaning of 29 U.S.C. §§ 258 and 259.

**EIGHTH DEFENSE**

29. Plaintiff's claims under the FLSA are barred to the extent that Plaintiff submitted false and inaccurate time records.

**NINTH DEFENSE**

30. Plaintiff's claims for liquidated damages should be denied, in whole or in part, because in the event violations of the FLSA did occur, which they did not, Defendant's actions were neither willful nor reckless, but were taken in good faith, and were based on reasonable grounds for believing its actions were not in violation of the FLSA.

**TENTH DEFENSE**

31. Plaintiff's claims are barred by accord and satisfaction and settlement, to the extent she received full compensation for any unpaid wages and/or overtime which was approved by the Department of Labor.

**ELEVENTH DEFENSE**

32. Defendant reserves the right to assert additional defenses as this action progresses.

WHEREFORE, having fully answered the Complaint and having raised defenses thereto, Defendant respectfully requests that the instant action be dismissed with prejudice and that Defendant be awarded its costs, including reasonable attorneys' fees incurred in defense thereof.

Miami, Florida
August 31, 2010

        Respectfully submitted,

        By: <u>s/Christine L. Wilson</u>
            Christine L. Wilson, Esq.
            Florida Bar No. 143588
            Email: *wilsonc@jacksonlewis.com*
            Jason D. Berkowitz, Esq.
            Florida Bar No. 0055414
            E-mail: *berkowitzj@jacksonlewis.com*
            JACKSON LEWIS LLP
            One Biscayne Tower, Suite 3500
            2 South Biscayne Boulevard
            Miami, Florida  33131
            Telephone: (305) 577-7600
            Facsimile:  (305) 373-4466
            Attorneys for Defendant
            150 South Beach, LLC d/b/a DeVito South Beach

Case No. 10-cv-23041-JLK

**CERTIFICATE OF SERVICE**

It is hereby certified that on the August 31, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

s/Jason D. Berkowitz
Jason D. Berkowitz, Esq.

Case No. 10-cv-23041-JLK

**SERVICE LIST**

**Monica Borgese v. 150 South Beach, LLC d/b/a DeVito South Beach**
**United States District Court, Southern District of Florida**

**CASE NO. 10-cv-23041-JLK**

| | |
|---|---|
| Lawrence J. McGuinness, Esq.<br>E-mail: *ljmpalaw@netzero.com*<br>LAWRENCE J. McGUINNESS, P.A.<br>1627 S.W. 37th Avenue<br>Suite 100<br>Miami, Florida  33145<br>Telephone: 305-448-9557<br>Facsimile:  305-448-9559<br>Attorneys for Plaintiff | Christine L. Wilson, Esq.<br>Email: *wilsonc@jacksonlewis.com*<br>Jason D. Berkowitz, Esq.<br>E-mail: *berkowitzj@jacksonlewis.com*<br>JACKSON LEWIS LLP<br>One Biscayne Tower, Suite 3500<br>2 South Biscayne Boulevard<br>Miami, Florida  33131<br>Telephone:  305-577-7600<br>Facsimile:   305-373-4466<br>Attorneys for Defendant, 150 South Beach, LLC d/b/a DeVito South Beach |

4825-4198-9127, v.  1